IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



FILED
JUN 15 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**CHRISTOPHER JOHNSON, Individually and on Behalf of All Others Similarly Situated**   **PLAINTIFF**

vs.   No. 1:20-cv-_____   1:20 CV 1305 JUDGE BARKER

**THE SHERWIN-WILLIAMS COMPANY**   **DEFENDANT**

MAG. JUDGE RUIZ

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Christopher Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Tess Bradford, *pro hac vice* motion pending, and Josh Sanford, *pro hac vice* motion pending, of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant The Sherwin-Williams Company ("Defendant") he does state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally violated the FLSA as described, *infra.*

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Ohio has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is headquartered in and conducts business within the State of Ohio.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Ohio has personal jurisdiction over Defendant, and Defendant therefore "resides" in Ohio.

## III. THE PARTIES

6. Plaintiff is an individual and domiciliary of the State of Washington.

7. Defendant is a for-profit corporation headquartered in Ohio.

8. A registered agent for Defendant is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

9. Defendant maintains a website at https://www.sherwin-williams.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

11. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

13. At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

14. Defendant owns and operates a paint and coating manufacturing company.

15. At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid him an hourly wage.

16. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits of the FLSA.

17. Defendant employed Plaintiff as an hourly-paid Assistant Manager from July of 2008 until May of 2020.

18. Defendant also employed other individuals to work as Assistant Managers.

19. At all relevant times herein, Defendant directly hired Assistant Managers to work in its stores, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. As an Assistant Manager, Plaintiff's duties included ordering inventory, managing associates and assisting customers.

21. In addition to their hourly rate, Plaintiff and other Assistant Managers were paid quarterly bonuses based on store sales, productivity and expenses.

22. In addition to his hourly rate, starting in or around March of 2020, Plaintiff received COVID-19-related bonuses for each hour he worked.

23. Other hourly employees also received COVID-19-related bonuses for each they worked.

24. Plaintiff and other hourly employees regularly worked in excess of forty hours per week while working for Defendant.

25. During weeks in which Plaintiff and other hourly, bonusing employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the bonuses that Defendant provided to Plaintiff and other hourly employees.

26. Under the FLSA, nondiscretionary bonuses are included in the regular rate of pay, unless they qualify as excludable under another statutory provision.

27. Bonuses that must be included in the regular rate include "bonuses based on a predetermined formula, such as individual or group production bonuses."

28. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as bonuses, in the regular rate when calculating Plaintiff's and other hourly employees' overtime pay.

29. Upon information and belief, Defendant's pay policy was the same at all of its locations.

30. At all relevant times herein, Defendant has deprived Plaintiff and other hourly employees of proper overtime compensation for all of the hours worked over forty per week.

31. Plaintiff was regularly required to perform work off the clock in order to meet performance goals and reduce expenses.

32. Plaintiff was regularly required to unload freight when he was not scheduled to work and while he was not clocked in because he was the only employee who could operate the forklift.

33. Plaintiff spent around one to two hours per week working off the clock.

34. Defendant was or should have been aware that Plaintiff's job duties required him to perform work outside of his recorded hours.

35. Defendant's failure to compensate Plaintiff for his off-the-clock work resulted in additional overtime violations.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings his FLSA claim on behalf of all other hourly employees who were paid bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs.

47. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid employees who earned a bonus in connection with any work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were eligible for and received at least one bonus within the past three years;

D. They worked over forty (40) hours in at least one week in which they performed work related to receiving a bonus; and

E. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51. Plaintiff is unable to state the exact number of the class but believes that there are at least four hundred (400) other employees who worked as hourly employees and received an improperly calculated overtime rate.

52. Defendant can readily identify the members of the Section 16(b) class which encompasses all hourly employees who received a bonus in connection with work performed in any week in which they worked over forty hours.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as

soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

56. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of 40 per week.

59. Defendant violated Section 778.117 of Title 29 of the CFR by not including bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

60. Defendant failed to pay Plaintiff for all hours worked.

61. Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked over forty in a week.

62. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

65. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66. Plaintiff brings this collective action on behalf of himself and all hourly employees who were employed by Defendant and received a bonus, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty (40) each week.

67. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

68. Defendant violated Section 778.117 of Title 29 of the CFR by not including all forms of compensation, such as bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

69. In the past three years, Defendant has employed more than four hundred (400) hourly employees who were eligible for nondiscretionary bonuses.

70. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Johnson, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the attendant regulations;

E.    Judgment for liquidated damages under the FLSA and the attendant regulations;

F.    For a reasonable attorney's fee, costs, and interest; and

G.    Such other relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER JOHNSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Tess Bradford
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com
*PHV Pending*

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV Pending*